UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUCY HERNANDEZ,

      Plaintiff,

v.                                      Case No:  6:15-cv-1860-Orl-22TBS

TREND RESORT SUPPLY, LLC and
TIMOTHY S. DALEY,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement (Doc 12).   The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim and request an order of dismissal.   I have examined the motion, the settlement agreement (Doc. 12-1), and relevant case law. For the reasons that follow, I respectfully recommend that the motion be **granted**.

### I. Background

Plaintiff, Lucy Hernandez, brought this suit against Defendants, Trend Resort Supply, LLC and Timothy S. Daley alleging that Defendants failed to pay her overtime compensation in violation of the FLSA (Doc. 1).   Defendant Trend Resort Supply, LLC, is owned and operated by Defendant, Timothy S. Daley, who exercises supervisory authority over the employees of Trend Resort Supply, LLC, and who is alleged to be responsible for the overtime wage violations (Id., ¶¶ 6-8).   Plaintiff was employed by Defendants from April 13 through September 10, 2015, handling accounting, customer order taking, answering phones, customer service to clients and vendors, and quality assurance on outgoing orders (Id., ¶¶ 4-5).   She avers that Defendants employ workers

who handle, sell, or otherwise work on goods or materials produced for interstate commerce (Id., ¶ 12).   Plaintiff allegedly worked in excess of forty hours per week, but was not paid at the rate of 1 and 1/2 times her hourly rate for those overtime hours worked (Id., ¶ 15).   She claims that she was a covered employee within the meaning of the FLSA.     Plaintiff alleges that Defendants are "employers" under the FLSA, and that they violated the FLSA by not paying her proper overtime wages (Id., ¶¶ 11-13, 19).   Defendants admit they employed Plaintiff, but deny any violation of the FLSA (Id. at 3).

On December 16, 2015, the parties advised the Court that they had reached an agreement to resolve their disputes (Doc. 12).   The parties agree that this action involves disputed issues, including whether Plaintiff worked overtime hours for which she was not compensated, whether overtime damages are due, and whether liquidated damages are appropriate (Id.).   The parties filed the instant motion seeking court approval of their settlement and dismissal of the action (Id. at 4).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement and the district court enters a judgment approving the settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide

dispute" of the FLSA issues.   Id. at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at 1354.   The nature of this lawsuit prompts the district court's review of the settlement agreements rather than an examination conducted by the Secretary of Labor.   My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

The parties' settlement agreement does not contain a general release, confidentiality provision or other similar provisions that courts in this district find objectionable.   Defendants have agreed to pay and Plaintiff has agreed to accept $900 for unpaid overtime compensation and an additional $900 for liquidated damages (Doc. 12 at 3, 12-1 at 1).   Before agreeing to settle, the parties recognized there were disputes regarding whether Plaintiff worked overtime hours for which she was not compensated, whether overtime damages were due and whether liquidated damages were appropriate. They exchanged offers and demands and finally agreed on the amount of damages and the time frame for payment of damages.   Through their counsel, the parties negotiated and voluntarily agreed to the terms of their settlement agreement which they contend is a fair and reasonable resolution of Plaintiff's FLSA claim. (Doc. 12 at 3).   Like most settlements, this one is driven by the facts, about which the parties are much better informed than the Court.   No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys.   Therefore, I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

Defendant has agreed to pay Plaintiff's counsel $2,000 in attorney's fees and

costs.   The parties agree this is a reasonable fee and represent that the attorney's fees and costs to be paid to Plaintiff's counsel were negotiated separately from Plaintiff's recovery and without regard to the amount of the settlement sum (Doc. 12 at 4).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel.   See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

## III. Recommendation

Upon consideration of the foregoing, I find that the parties' settlement agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that it be **APPROVED**, and that this case be **DISMISSED**.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

The parties may expedite the approval of this report and recommendation by filing notices of no-objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 21, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record